IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 2 8 2014

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| DENNIS M. CLAPP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-035-A |
| | § | |
| WELLS FARGO, NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE FOR | § | |
| CARRINGTON MORTGAGE LOAN TRUST, | § | |
| SERIES 2007-FRE1, ASSET-BACKED | § | |
| PASS-THROUGH CERTIFICATES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION
and
### ORDER

Before the court for decision is the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed in the above action by defendant, Wells Fargo, National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates, Plaintiff, Dennis M. Clapp, filed a response, and defendant filed a reply. Having now considered all of the parties' filings, plaintiff's first amended complaint, and the applicable legal authorities, the court concludes that the motion should be granted.

1

I.

Background and Plaintiff's Pleaded Claims

Plaintiff initiated this action by filing his original petition in the District Court of Tarrant County, Texas, 141st Judicial District.  Following removal, the court ordered plaintiff to file an amended complaint that complied with the requirements of the Federal Rules of Civil Procedure, as interpreted by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Plaintiff then filed his first amended complaint, in which he alleged the following:

On or about November 10, 2006, plaintiff signed a "Texas Home Equity Note" and a "Texas Home Equity Security Instrument" to refinance a previous loan made for the purchase of property in Kennedale, Tarrant County, Texas.  The loan amount was $235,000.00, and named as lender Fremont Investment & Loan.

At some point, plaintiff requested loan assistance from defendant due to financial difficulties he faced as a result of health issues.  Plaintiff submitted the requested information, but defendant misplaced the documents, requiring plaintiff to resubmit them.  Defendant has not yet informed plaintiff if the loan modification has been approved or denied.  Because defendant has neither approved nor denied the modification, plaintiff was

2

deprived of his right to appeal defendant's decision, and he did not know he "needed to make other plans regarding [his] loan and residence." Id. at 4.  Although the deed of trust affords plaintiff an opportunity to reinstate his loan, defendant denied plaintiff this right by not informing him that the loan modification had been denied.

Defendant posted the property for foreclosure sale on January 7, 2014.  The notice of substitute trustee's sale identifies defendant as the current mortgagor; however, the public records of Tarrant County, Texas, do not reflect any assignment, transfer, or conveyance of the deed of trust. Accordingly, plaintiff questions whether defendant had authority to conduct such a sale.

Plaintiff in the first amended complaint challenged defendant's authority to foreclose, and alleged a single claim for breach of contract, that included a purported violation of the duty of good faith and fair dealing.  Plaintiff also sought injunctive relief to bar any transfer of his property.

## II.

### Standards Applicable to Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests."
Bell Atl. Corp. v. Twombly. 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted).  Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action.   Id. at 555 & n.3.  Thus, while a court must accept
all of the factual allegations in the complaint as true, it need
not credit bare legal conclusions that are unsupported by any
factual underpinnings.  See Ashcroft v. Iqbal, 556 U.S. 662, 679
(2009) ("While legal conclusions can provide the framework of a
complaint, they must be supported by factual allegations.")

     Moreover, to survive a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the facts pleaded must allow
the court to infer that the plaintiff's right to relief is
plausible.  Id. at 678.  To allege a plausible right to relief,
the facts pleaded must suggest liability; allegations that are
merely consistent with unlawful conduct are insufficient.
Twombly, 550 U.S. at 566-69.  "Determining whether a complaint
states a plausible claim for relief . . . [is] a context-specific
task that requires the reviewing court to draw on its judicial

experience and common sense." Iqbal, 556 U.S. at 679.   In adjudicating a motion to dismiss, the court may consider the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims.   Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

III.

Application of Law to Facts

A.   Authority to Foreclose

It is unclear from the first amended complaint if plaintiff is attempting to assert a cause of action for lack of authority to foreclose, or if he simply raised the possible lack of authority as a side issue.   Tackling the issue head-on, defendant included in its appendix in support of the motion to dismiss a copy of the note, deed of trust, and assignment to defendant. Defendant asks that the court take judicial notice of these documents, as they are matters of public record, all being previously recorded in the records of the Tarrant County Clerk.

The court agrees, and takes judicial notice of the documents as public records.   See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007) (in considering a motion to dismiss under Rule 12(b)(6), the court must consider the complaint in its entirety, as well as "matter of which a court may take judicial notice.").   Whatever issue plaintiff attempted

5

to raise by challenging the assignment is moot.

B.   <u>Plaintiff's Breach of Contract Claim is Dismissed</u>

The basis of plaintiff's breach of contract claims appears to be that defendant offered, and plaintiff accepted, a "loan modification review."  Pl.'s First Am. Compl. at 5-6.  Plaintiff contended that he "tendered performance and relied on Defendant's representations and promises, to his detriment," <u>id.</u> at 6, which constituted a unilateral contract.  Defendant allegedly breached the unilateral contract because it has placed plaintiff in a situation where he is unable to catch up on his payments and may lose his home.

Defendant advanced two arguments for dismissal of plaintiff's breach of contract claim: (1) plaintiff failed to allege his own performance; and, (2) plaintiff's claim is foreclosed by the statute of frauds.

To sustain a breach of contract action under Texas law requires plaintiff to show: (1) the existence of a valid contract; (2) plaintiff performed or tendered performance under the contract; (3) breach by defendant; and, (4) the breach damaged plaintiff.  <u>Mullins v. TestAmerica, Inc.</u>, 564 F.3d 386, 418 (5th Cir. 2009) (citation omitted).  It is well-settled that "a party to a contract who is himself in default cannot maintain a suit for its breach."  <u>Dobbins v. Redden</u>, 785 S.W.2d 377, 378

6

(Tex. 1990) (per curiam) (citation omitted).

Here, it appears that the first amended complaint alleged only that plaintiff tendered performance by submitting documents requested by defendant for a loan modification review. As noted in defendant's motion, plaintiff did not allege that he performed under the note and deed of trust by making the required payments. Rather than deny this contention in his response, plaintiff tacitly admitted its truth by claiming he was waiting on defendant's decision as to his possible loan modification. Nowhere does plaintiff allege that the note or deed of trust permitted cessation of plaintiff's payment obligations thereunder during the pendency of a loan modification review. Additionally, plaintiff in the first amended complaint admitted that his loan is in arrears.[1] Because plaintiff breached the note and deed of trust, he cannot sustain a breach of contract claim against defendant. Id.; see also Williams v. Wells Fargo Bank, N.A., ___ F. App'x ____, No. 13-10233, 2014 WL 1044304 at *4 (5th Cir. Mar. 19, 2014) (per curiam) ("[I]f, as here, plaintiffs fail to allege they were current on their payments under the deed of trust,

---

[1]In admitting this fact, plaintiff attempted to place blame on defendant by attributing the arrearage to defendant's "run around games and stall tactics." Pl.'s First Am. Compl. at 6. Plaintiff did not elaborate on what those "games" and "tactics" were or how they caused him to be in arrears on his payments under the note. Plaintiff also did not allege that defendant promised to modify his loan, only that defendant offered to review the loan for a possible modification, and he provided no facts to show how defendant's review caused his loan to be in arrears.

dismissal of their breach of contract claim is proper.").[2]

The court has also considered defendant's argument that the breach of contract claim is barred by the statute of frauds, and finds that dismissal would be warranted on this ground as well. However, inasmuch as the court has dismissed the breach of contract claim on other grounds, it need not devote time to a discussion of the statute of frauds argument.

Also as part of his breach of contract claim, plaintiff contends that defendant breached an implied duty of good faith and fair dealing likewise fails. Relying on sections 1.201(20) and 9.102(c) of the Texas Business and Commerce Code, plaintiff contends that under the Texas Uniform Commercial Code ("UCC"), a duty "of good faith and fair dealing is included in the performance of every contract."[3] Pl.'s First Am. Compl. at 6. Plaintiff alleged that his "mortgage note is a negotiable instrument governed by the Uniform Commercial Code," and that the "Uniform Commercial Code provides that every contract or duty imposes an obligation of good faith in its performance and enforcement." Id. (quoting section 1.304 of the Texas UCC).

---

[2] The court recognizes that this unpublished case is not binding precedent, but finds its holding instructive in this action.

[3] Plaintiff cited to the case of Belyea v. Litton Loan Servicing, LLP, Civil Action No. 10–10931–DJC, 2011 WL 2884964 (D. Mass. July 15, 2011), to support this proposition. Plaintiff did not, however, attempt to explain how a case from the district court of Massachusetts, interpreting Massachusetts law, supports his claim for violation of a duty he contends is imposed by Texas law.

Plaintiff's reliance on the UCC is misplaced.  Section 1.201(20) of the UCC defines "good faith" as "honesty in fact and the observance of reasonable commercial standards of fair dealing."  Section 9.102(c) merely states that "[c]hapter 1 contains general definitions and principles of construction throughout this chapter."  Neither of these sections imposes any duty on, nor supports a cause of action against, defendant.  And, section 9.109(d)(11) provides that chapter nine of the UCC does not apply to "the creation or transfer of an interest in or lien on real property."

Plaintiff also relies on section 1.304 of the UCC, which imposes an obligation of good faith on "[e]very contract or duty within this title."  Tex. Bus. & Com. Code Ann. § 1.304 (emphasis added).  However, contrary to plaintiff's assertions, a mortgage note is not "within" the UCC: "[b]ecause the Deed of Trust places a lien on real property, it is not governed by the UCC."  Vogel v. Travelers Indem. Co., 966 S.W.2d 748, 753 (Tex. App.--San Antonio 1998, no pet.) (emphasis in original).  The comments to section three of the UCC, concerning negotiable instruments, also could not be more clear:  "Article 3 is not meant to apply to contracts for . . . the sale or lease of real property or similar writings that may contain a promise to pay money."  Tex. Bus. &

Com. Code § 3.104, Cmt. 2.[4] Additionally, Texas courts generally do not impose a duty of good faith and fair dealing in the mortgagor/mortgagee relationship.  See, e.g., FDIC v. Coleman, 795 S.W.2d 706, 709 (Tex. 1990).

The sum of the foregoing is that the first amended complaint fails to state a claim against defendant for breach of the duty of good faith and fair dealing.

C.   Injunctive Relief

Defendant argued for dismissal of plaintiff's request for injunctive relief on the ground that, if the court dismisses all of plaintiff's other claims and causes of action, nothing remains to support such a request.  Because plaintiff has failed to show a plausible right to relief on any of his claims, he is entitled to no injunctive relief.

D.   Plaintiff's Request to Amend Complaint

In the conclusion of his response, plaintiff asks that he be permitted to replead, should the court determine any of his claims are deficient.  Rule LR 10.1(a) of the Local Civil Rules of the United States District Court for the Northern District of

---

[4]"The UCC official commentary is an authoritative interpretation of the Code." Jones v. Wells Fargo Bank, N.A., 666 F.3d 955, 960 n.5 (5th Cir. 2012).  Texas courts consider the comments as providing valuable guidance pertaining to the meaning and purpose of the Texas UCC.  Id.  "Barring a contrary interpretation from the Texas courts," the court is guided by the official commentary.  Id.

Texas requires that "each . . . motion, or other paper must: (a) contain on its face a title clearly identifying each included pleading, motion, or other paper; . . . ."  The response to the motion to dismiss does not indicate on its face that it includes a motion to amend.  Nor did plaintiff inform the court of the additional facts he could plead to correct the deficiencies in the first amended complaint, and he did not attach to the response a proposed second amended complaint.  Under these circumstances, the court is not permitting plaintiff to replead.  Sullivan v. Leor Energy, LLC, 600 F.3d 542, 551 (5th Cir. 2010).

Additionally, the first amended complaint represents plaintiff's second pleading in this action.  Plaintiff filed his original petition in the state court.  Upon removal, the court entered an order that described the pleading standards required by the Federal Rules of Civil Procedure, as interpreted by Twombly and Iqbal, and ordered plaintiff to file an amended complaint consistent with those standards.  Plaintiff then filed his first amended complaint.  Plaintiff has thus been provided ample opportunity to correct any deficiencies in his pleadings, and the court can see nothing to be gained by allowing another amended complaint.

11

IV.

<u>Order</u>

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted in the above-captioned action by plaintiff, Dennis M. Clapp, against defendant, Wells Fargo, National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates, be, and are hereby, dismissed with prejudice.

SIGNED April 28, 2014.

_____

JOHN McBRYDE
United States District Judge

12